UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CHRISTIAN A.S.C.,

Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; and

WARDEN, *Director of the El Paso Camp East Montana*,

Respondents.

Civil No. 26-778 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Laura Farley, **NICHOLS KASTER PLLP,** 80 South Eighth Street, Suite 4700, Minneapolis, MN 55402; Luke Grundman, Mary Kaczorek, **MID-MINNESOTA LEGAL AID**, 111 North Fifth Street, Suite 100, Minneapolis, MN 55403, for Petitioner.

Ana H. Voss, Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner is a Guatemalan citizen. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 16, Jan. 28, 2026, Docket No. 1.) He lives in Burnsville, Minnesota, with his two minor children and their mother. (*Id.* ¶ 18.) Petitioner alleges that he was arrested in Minnesota by U.S. Immigration and Customs Enforcement (ICE) agents and is being unlawfully detained. (*Id.* ¶ 19.) "At the time of the filing, to the best of the undersigned's knowledge," Petitioner was detained in Texas (*Id*. ¶ 22.) Respondents have filed an answer, arguing that the Court lacks jurisdiction to hear the petition and that Petitioner's detention is lawful. Because the Court possesses jurisdiction, and because Respondents are unlawfully detaining Petitioner, the Court will grant the petition and order Petitioner's immediate return to Minnesota and release.

## BACKGROUND

Petitioner lives and works in Minnesota and has no criminal record. (*Id.* ¶ 18.) He was arrested by ICE officials "in the parking lot of a Walmart near his home in Burnsville," where he was going to purchase groceries for his family. (*Id.* ¶ 19.) He states that he was "detained with excessive force," and that the people arresting him "threw him into the snow, injuring his ankle." (*Id.* ¶ 19.) Petitioner was "taken into custody in Minnesota," but "[a]t some point following being taken into custody" he was transferred to a detention facility in El Paso, Texas. (*Id.* ¶ 20.)

## DISCUSSION

**I.   VENUE**

Respondents first seek dismissal of the petition, or a transfer of venue, relying on the fact that Petitioner did not file his habeas petition in the District of Minnesota while he was physically detained here.  In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

But as this Court has noted in other cases, exceptions exist to the default district-of-confinement rule.  *See id.* at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions).  For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition.  *Padilla*, 542 U.S. at 450 n.18.  Other classes of cases in which the baseline rules may not control are those in which (1) "the Government was not forthcoming with respect to . . . the place of detention;" (2) "the Government did inform the lawyer where a prisoner was being taken but kept moving him;" or (3) "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed."  *Id.* at 454 (Kennedy, J., concurring).

"Government-controlled transfers," like the one in this case—"often executed within hours of detention and before communication with counsel is possible"—have been a defining characteristic of Respondents' coordinated Operation Metro Surge program in Minnesota. *See Adriana M.Y.M. v. Easterwood*, No. 26-213, 2026 WL 184721, at *3 (D. Minn. Jan. 24, 2026). In some prior cases, the Court has held that this District remained proper venue even when an individual was initially detained in Minnesota but was transferred out of the District before the petition was filed, because Petitioner's location was unknown at the time of filing. *See Abdiselan A.A. v. Bondi*, No. 26-358, 2026 WL 161526 at *1–2 (D. Minn. Jan. 21, 2026). The Court reached this conclusion because Respondents' practice of transferring the detainee to another state, without notice, made it a practical impossibility to promptly file a habeas petition in the District where the individual was physically located.

Here, even though Petitioner's location in Texas was known to Petitioner's counsel at the time the petition was filed, the Court concludes venue is proper in this District. *See Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) ("[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue.").[1] This habeas petition arises in the context of a concerted effort by the government to arrest residents of this state and immediately transfer them (sometimes more than once)

---

[1] No party here produces any evidence of how long Petitioner was detained in Texas or how long Petitioner's counsel knew of Petitioner's location, prior to the filing of this petition.

to various other detention locations, for an unstated purpose and unstated duration, without notifying Petitioner's family or counsel as to where or when they may be transferred. The Court concludes that in this case, the District of Minnesota—where Petitioner resides, was arrested and detained, and was his last known permanent location—is the proper forum for Petitioner to challenge the lawfulness of his detention. *See Jose A. v. Noem*, No. 26-480, 2026 WL 172524 at *2 (D. Minn. Jan. 22, 2026) (noting that transferring for venue simply because the petitioner was transported outside the District may "have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals to a district of their choosing"); *see also Jose V. v. Garcia*, No. 26-597, Docket No. 9 at 3 (D. Minn. Jan. 28, 2026).

## II.    MERITS

Turning to the merits, Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention, and the Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Christian A.S.C.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is presently detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** including location tracking or mandatory check-ins.

    f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 9, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 6, 2026                                           /s/ John R. Tunheim
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                                                United States District Judge