**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CHRISTIAN A.S.C.,

                     Petitioner,

v.

PAMELA BONDI, *Attorney General of the United States*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; and

WARDEN, *Director of the El Paso Camp East Montana*,

                     Respondents.

Civil No. 26-778 (JRT/LIB)

**ORDER DENYING RESPONDENTS'**
**REQUEST FOR EXTENSION OF TIME**

---

On March 6, 2026, the Court ordered Respondents—within 30 days of the filing of the Court's order—to "facilitate and reimburse all FTCA claims" made by Petitioner Christian A.S.C. and the Petitioners in four other related cases. (*See* Mem. Op. and Order ("March 6 Order") at 18, March 6, 2026, Docket No. 15.)  In all five cases, Respondents

unlawfully detained Petitioners and then violated the Court's orders by retaining their personal property following their release from custody. (*Id.* at 5.)  In Petitioner Christian A.S.C.'s case, Respondents failed to return his Minnesota driver's license, Guatemala driver's license, and Guatemalan Consular Identification Card, despite the Court's express order to release him "with all personal effects, such as driver's licenses, passports, or immigration documents[.]"  *See Christian A.S.C. v. Bondi,* Civ. No. 26-778, 2026 WL 323098, at *3 (D. Minn. Feb. 6, 2026); (March 6 Order at 7–8).

Petitioner has submitted a claim for reimbursement pursuant to the Court's March 6 Order.  On March 17, 2026, Respondents filed a "Request for Extension Given Lapse in Appropriations."  (*See* Docket No. 20.)  Respondents state:

> [T]he Department of Homeland Security continues to experience a lapse in appropriations that affects [ICE's] ability to issue payment for these claims. Specifically, ICE has informed the Department of Justice that, given the ongoing lapse in appropriations, the agency is currently unable to execute payment for the amount requested pursuant to Form 95 submitted by Petitioner to the Agency on or around March 11, 2026.  Federal Respondents therefore respectfully request that the Court modify its Order . . . to clarify that any settlement or reimbursement payment for Petitioner's claim is subject to the availability of funds.  Specifically, Federal Respondents ask that the Court extend the due date for payment of the Claim included in Petitioner's Form 95 to 30 days after such time as Congress appropriates funds for the Department of Homeland Security.

(Docket No. 20 at 1.)  Respondents provided no declarations or evidence to substantiate their claim that they are unable to meet the Court's deadline.

The Court will deny Respondents' request for an extension.  The harm suffered by Petitioner stemming from his unlawful arrest has gone on long enough.  The Court is

unpersuaded that ICE—which continues to have the funds necessary to arrest and detain Minnesotans—lacks the funds necessary to promptly reimburse Petitioner's comparatively miniscule claim.[1]  The Court maintains its previous order: "For any claim Respondents do not fully reimburse within 30 days of this order, the Court will hold a hearing and, if appropriate, issue a further order regarding contempt."  (*See* March 6 Order at 15.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Respondents' Request for Extension [Docket No. 20] is **DENIED**.

DATED: March 19, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                   United States District Judge

---

[1] The Court notes that regardless of any present lapse in appropriations, DHS received substantial funding through the One Big Beautiful Bill Act of 2025.