**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CHRISTIAN A.S.C.,

Petitioner,

v.

TODD BLANCHE, *United States Attorney General*;[1] MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;[2] DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*;[3] DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; and WARDEN, *Director of the El Paso Camp East Montana*,

Respondents.

Civil No. 26-778 (JRT/LIB)

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES**

Laura Farley, **LATHROP GPM LLP,** 80 South Eighth Street, Suite 3100, Minneapolis, MN 55402; Luke Grundman and Mary Kaczorek, **MID-MINNESOTA LEGAL AID**, 111 North Fifth Street, Suite 100, Minneapolis, MN 55403, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

---

[1] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

[2] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

[3] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

Earlier this year, Petitioner Christian A.S.C. was arrested by immigration officials. He filed a petition for a writ of habeas corpus on January 28, 2026, arguing that his detention violated the Fifth Amendment, the Immigration and Nationality Act, and its implementing regulations. (Pet. Writ Habeas Corpus, Jan. 28, 2026, Docket No. 1.) The Court granted the petition on February 6, 2026, and ordered his immediate release. *See Christian A.S.C. v. Bondi*, Civ. No. 26-778, 2026 WL 323098 (D. Minn. Feb. 6, 2026). However, after releasing him, Respondents failed to return Petitioner's identification documents, leading to further proceedings. *See J.B.C.O. v. Bondi*, Civ. No. 26-1429, 2026 WL 638455, at *2 (D. Minn. Mar. 6, 2026). Although Petitioner's documents were ultimately returned to him, he had been without any identity document or his driver's license for weeks. *See generally S.M. v. Blanche*, Civ. No. 26-639, 2026 WL 1673573 (D. Minn. June 9, 2026).

Petitioner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). (Mot. Atty.'s Fees, Jul. 9, 2026, Docket No. 40.) Respondents oppose the motion. Because the Court finds that Respondents' position in the underlying proceedings was not substantially justified, and because the requested fees are reasonable, the Court will grant the motion.

**DISCUSSION**

The Court has recounted the facts giving rise to this case in several prior orders. *See e.g.*, *J.B.C.O. v. Bondi*, 2026 WL 638455 at *2. Petitioner now moves for attorney's

fees under the EAJA. The requested fees encompass legal work including, but not limited to:

- Drafting Petitioner's habeas petition (Decl. of Mary Kaczorek ("Kaczorek Decl.") ¶ 3, Jul. 9, 2026, Docket No. 42);
- Efforts to establish the whereabouts of Petitioner's missing identification documents including communication with co-counsel and preparing for hearings before the Court (*id.* ¶ 4.);
- Pursuing Petitioner's Federal Tort Claims Act claim arising from Respondents' failure to return Petitioner's property (*id.* ¶¶ 5–6);
- Efforts to secure reimbursement for that FTCA claim (*id.* ¶ 12–14).

In total, Petitioner seeks $5,354.10 in attorney's fees, for 19.9 hours worked at an hourly rate of $269.05/hour. (*Id.* ¶ 25.)

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the United States' position was substantially justified, or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Government's position includes both its position taken in the litigation and the underlying government agency conduct that led to the action. *See* 28 U.S.C. § 2412(d)(2)(D). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable

basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted). The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

After thorough review, the Court is persuaded that Respondents' position throughout the litigation was not substantially justified in all aspects of the law, and that Petitioner's requested fees are reasonable. While the Eighth Circuit did agree with Respondents' construction of 8 U.S.C. § 1225(b)(2), Respondents did not respond to all aspects of Petitioner's habeas claim. *See, e.g.*, *Riky A.M.L.*, 2026 WL 2241589 at *4. Nor have Respondents ever provided support for their authority to retain Petitioner's identification documents after he was ordered to be released from custody.

Accordingly, the Court will grant the motion, and award Petitioner attorney's fees in the amount of $5,354.10.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Christian A.S.C.'s Motion for EAJA Fees (Docket No. [40]) is **GRANTED,** and Petitioner is awarded $5,354.10 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412.

2. The fees award shall be paid to Mid-Minnesota Legal Aid.

DATED: August 31, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge